IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LEROY SECHEREST,** *et al.*                                                                              **PLAINTIFFS**

**v.**                                                              **CIVIL ACTION NO.: 3:24-cv-34-TSL-MTP**

**CITY OF LEXINGTON,** *et al.*                                                                         **DEFENDANTS**

### ORDER

THIS MATTER is before the Court on Plaintiffs' Motion for Leave to File Surreply, or in the Alternative, to Strike Defendant Sam Dobbins's Reply to Plaintiffs' Response in Opposition to Defendant Sam Dobbins's Motion to Disqualify Counsel and Invalidate Service of Process [14]. Defendant Sam Dobbins filed a Response in Opposition to Plaintiffs' Motion for Leave to File Sur-Reply [15]. Plaintiffs did not file a reply. Having considered the parties' submissions and the applicable law, the Court finds that Motion [14] should be GRANTED in part and DENIED in part.

### BACKGROUND

On January 23, 2024, Defendant Sam Dobbins ("Dobbins") moved to disqualify Plaintiffs' nonresident attorney Jill Collen Jefferson ("Jefferson"). Dobbins argued that Jefferson should be disqualified for engaging in the unauthorized practice of law by signing, drafting, and filing a new lawsuit without being admitted *pro hac vice*, or even having requested such admission. *See* [5]. Plaintiffs responded that disqualification would be too drastic a remedy on the facts of this case. *See* [7] [8]. Moreover, Plaintiffs explained that it was "untrue" that Jefferson refuses to follow this Court's rules and that Plaintiffs' local attorney was the one responsible for the oversight regarding Jefferson's signature. *See* [8] at 5.

1

Dobbins filed his Reply [13] with several examples concerning Jefferson's public statements on YouTube and X (formerly known as Twitter) regarding this case and other related cases. Dobbins claims that Jefferson's public statements run afoul of the Court's orders in related cases,[1] advising Jefferson to familiarize herself with the Mississippi Rules of Professional Conduct, particularly Rule 3.6 which governs extrajudicial statements. *See* [13] at 4.

Now, Plaintiffs move to file a sur-reply to address Jefferson's behavior pointed out by Dobbins, or alternatively, to strike the "accusations of what [Dobbins] believes to be improper behavior by [Jefferson]."[2] [14] at 2. Dobbins timely responded and argued that the Plaintiffs' Motion [14] should be denied because Plaintiffs have not demonstrated any "exceptional circumstance" necessitating a sur-reply. *See* [15]. Plaintiffs did not file a reply and the time for doing so has expired.

## ANALYSIS

***Sur-Reply***

"Rule 7 of the Local Uniform Rules of Civil Procedure contemplates only the filing of: (1) a motion; (2) a response; and (3) a reply." *Brown v. Wiggins*, 2019 WL 3723628, at *1 (S.D. Miss. Aug. 7, 2019); *see also* L.U. Civ. R. 7(b)(4). The Rule "does not contemplate the filing of a sur-reply." *Benefield v. Lockhard*, 2016 WL 9782113, at *1 (S.D. Miss. Aug. 1, 2016). Indeed, "[s]ur[-]replies are heavily disfavored by courts." *Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 Fed. Appx. 749, 751 n.2 (5th Cir. 2014). However, "a sur-reply is appropriate

---

[1] *See Reeves v. Dobbins, et al.*, Case No.: 3:23-cv-333-TSL-MTP, Order [142]; *Harris v. Dobbins, et al.*, Case No.: 3:22-cv-479-TSL-MTP, Order [141].

[2] Plaintiffs' Motion [14] violates L.U. Civ. R. 7(b)(4), which states that "counsel for movant must file a memorandum brief in support of the motion," which is a basis in itself for denial of the motion.

when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage." *16 Front St. LLC v. Miss. Silicon*, 162 F. Supp. 3d 558, 560 (N.D. Miss. 2016); *see also Andrews v. 1788 Chicken, LLC*, 2023 WL 5418777, at *2 (S.D. Miss. Aug. 22, 2023). It is within the Court's discretion to grant or deny additional briefing. *See Univ. of Miss. Med. Ctr. v. Sullivan*, 2021 WL 5414301, at *1 (S.D. Miss. Oct. 7, 2021).

The Court has reviewed the relevant briefing in this case and finds that Dobbins's Reply [13] presents new evidence at the rebuttal stage. In his reply, Dobbins alleged that Jefferson's publication of this case on X (formerly Twitter) and YouTube are "exceedingly problematic," and that Jefferson "continues to flout" Mississippi Rule of Professional Conduct 3.6. [13] at 4. However, Dobbins did not allude to these public statements, nor did he raise any of these arguments as a basis for Jefferson's disqualification in his Motion to Disqualify [4].[3]

Dobbins now claims that any references to Jefferson's public statements were simply to rebut Plaintiffs' argument that Jefferson has "immense respect for this Court and its rules." *See* [13] at 4 (citing [8] at 2). Yet, after drafting several pages alluding to, citing to, and quoting Jefferson's public statements as evidence of her failure to comply with the Court's rules, Dobbins concluded that Jefferson should be disqualified "[f]or these reasons." [13] at 7. Dobbins then attached several examples of Jefferson's public statements regarding this case and others related to the City of Lexington in support of his argument. *See* [13-1] [13-2] [13-3].

Though it may be a close question as to whether Dobbins is raising a new argument or merely responding to the arguments raised by Plaintiffs in their response, Dobbins has clearly presented new evidence. As this is not a dispositive motion, the Court finds that no prejudice

---

[3] Dobbins only inserted a footnote in his Memorandum in Support of Motion to Disqualify Counsel [5] that stated, "Unsurprisingly, Attorney Jefferson's organization already has been quoted in the media regarding this case." *See* [5] at 1 n.1.

will result to Dobbins by granting the motion.  *See Kennedy v. Jefferson Cnty., Miss. by and through Bd. of Supervisors*, 2014 WL 12773803, at *1 (S.D. Miss. Oct. 28, 2014).  Accordingly, Plaintiffs will be afforded an opportunity to file a sur-reply.

***Striking Dobbins's Reply***

Because the Court will grant Plaintiffs' request to file a sur-reply, Plaintiffs' alternative request to strike Dobbins's Reply [13] is DENIED.

IT IS, THEREFORE, ORDERED that:

1. Plaintiffs' Motion for Leave to File Surreply, or in the Alternative, to Strike Defendant Sam Dobbins's Reply to Plaintiffs' Response in Opposition to Defendant Sam Dobbins's Motion to Disqualify Counsel and Invalidate Service of Process [14] is GRANTED in part and DENIED in part;

2. Plaintiffs' request to file a sur-reply in the Motion [14] is GRANTED;

3. Plaintiffs shall file a sur-reply to Defendant Sam Dobbins's Reply [14] on or before March 11, 2024.  The sur-reply is limited to the accusations regarding Jefferson's public statements and her failure to comply with the Mississippi Rules of Professional Conduct as well as this Court's Local Rules; and

4. All other relief demanded in the Motion [14] is DENIED.

SO ORDERED, this the 5th day of March, 2024.

s/Michael T. Parker<br>United States Magistrate Judge