IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LEROY SECHEREST**, *et al.*　　　　　　　　　　　　　　　　　　　　　**PLAINTIFFS**

**v.**　　　　　　　　　　　　　　　　　**CIVIL ACTION NO.: 3:24-cv-34-TSL-MTP**

**CITY OF LEXINGTON**, *et al.*　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Defendant Sam Dobbins's Motion to Disqualify Counsel [4] and Plaintiffs' Motion for Jill Collen Jefferson to Appear *Pro Hac Vice* [6]. Having considered the parties' submissions and the applicable law, the Court finds that Defendant Sam Dobbins's Motion to Disqualify Counsel [4] should be DENIED. The Court further finds that the Motion for Jill Collen Jefferson to Appear *Pro Hac Vice* [6] should be GRANTED.

## BACKGROUND

On January 20, 2024, Plaintiffs initiated this action against the City of Lexington and certain members or former members of its police force. The allegations listed in the Complaint [1] are not unlike those detailed in other suits pending before the Court against many of the same Defendants, including Sam Dobbins ("Dobbins"), Lexington's former chief of police.[1] Plaintiffs claim that they are victims of Defendants' alleged campaign of racial and retaliatory abuse and harassment of Lexington's black citizens. They assert their claims under 42 U.S.C. § 1983 for violations of their rights under the First, Fourth, and Fourteenth Amendments and allege racial discrimination in violation of Title VI of the Civil Rights Act of 1964.

---

[1] *See, e.g., Harris, et al. v. Dobbins, et al.*, Civil No. 3:22-cv-479-TSL-MTP; *Gibson, et al. v. City of Lexington, et al.*, Civil No. 3:23-cv-33-TSL-MTP; *Reeves, et al. v. Dobbins, et al.*, Civil No. 3:23-cv-333-TSL-MTP; *Russell v. City of Lexington, et al.*, Civil No. 3:23-cv-500-DPJ-FKB; *Jew v. Dobbins, et al.*, Civil No. 3:23-cv-2983-CWR-LGI.

On January 23, 2024, Dobbins's counsel entered a Notice of Special and Limited Appearance [3]. Dobbins then filed a Motion to Disqualify [4] Plaintiffs' nonresident attorney, Jill Collen Jefferson ("Jefferson"), from appearing *pro hac vice* in this matter. Jefferson, says Dobbins, "engaged in the unauthorized practice of law," when she signed the Complaint [1] prior to being admitted *pro hac*, "or even having requested such admission." [5] at 1. Dobbins contends that Jefferson's haste runs afoul of the Court's Local Rules and warrants disqualification. *Id*. at 3. Hours later, Plaintiffs filed the Motion for Jill Collen Jefferson to Appear *Pro Hac Vice* [6].

Responding to the Motion to Disqualify [4], Plaintiffs complain that disqualifying Jefferson would be an "extreme remedy," and that the caselaw does not support such a decision. *See* [7] [8]. Plaintiffs' local counsel also claims that he is "responsible" for the "oversight" regarding Jefferson's signature. [8] at 5.

Dobbins's Reply [13] urges the Court to consider an additional basis for disqualification: Jefferson's purported violation of Mississippi Rule of Professional Conduct 3.6. [13] at 4. In support, Dobbins attached myriad examples of Jefferson's extrajudicial comments regarding this case and others that Jefferson made during an interview on YouTube, her profile on X (formerly known as Twitter), and other media sources. *See* [13-1] [13-2] [13-3]. Dobbins argues that these comments tread beyond the safe harbors of Rule 3.6(c), and that these public statements exemplify Jefferson's failure to adhere to this Court's prior orders and its Local Rules.[2] [13] at 4.

---

[2] Dobbins cites to the Court's Order [142] in *Reeves v. Dobbins, et al.*, Case No.: 3:23-cv-333-TSL-MTP, and the Court's Order [141] in *Harris v. Dobbins, et al.*, Case No.: 3:22-cv-479-TSL-MTP.

2

Plaintiffs, with leave of Court, filed a Sur-reply [17] claiming that any public statement made by Jefferson is protected by the First Amendment. Plaintiffs also claim that each statement cited by Dobbins is found in the public record and does not run afoul of Mississippi Rule of Professional Conduct 3.6 nor its safe harbor provision therein.

## ANALYSIS

District courts "enjoy broad discretion to determine who may practice before them." *Isom v. Valley Forge Ins. Co.*, 716 F. App'x 280, 288 (5th Cir. 2017). A nonresident attorney seeking to practice before this Court must either be a member of the Mississippi Bar who is admitted to practice before the Mississippi Supreme Court or be admitted *pro hac vice*. *See* L.U. Civ. R. 83.1(d)(2). *Pro hac* admission "ordinarily should be granted unless the court finds reasons to believe that … the applicant had, before the application, filed or appeared in the federal court without having secured approval under these facts." L.U. Civ. R. 83.1(d)(7)(E).

### *Jefferson's Signature on the Complaint*

The Mississippi Supreme Court outlined that which constitutes an "appearance" in *In Re Williamson*, 838 So. 2d 226 (Miss. 2002). The Court held,

> [A] foreign attorney will be deemed to have made an appearance in a Mississippi lawsuit if the foreign attorney signs the pleadings or allows his or her name to be listed on the pleadings. A foreign attorney may further make an appearance in a Mississippi court by physically appearing at a docket call, a trial, a hearing, any proceeding in open court, at a deposition, at an arbitration or mediation proceeding, or any other proceeding in which the attorney announces that he or she represents a party to the lawsuit or is introduced to the court as a representative of the party to the lawsuit.[3]

*In re Williamson*, 838 So. 2d at 235.

---

[3] Though proceeding is not defined by the Mississippi Supreme Court, "proceeding" may mean "[t]he business conducted by a court or other official body; a hearing." PROCEEDING, Black's Law Dictionary (11th ed. 2019).

3

Here, Jefferson signed the Complaint [1] with the notation that her *pro hac* status was "pending," though it was not.[4]  [1] at 111.  Jefferson did not seek *pro hac* admission until January 23, 2024, three days after filing the Complaint [1] and mere hours after Dobbins filed the Motion to Disqualify [4] Jefferson from appearing in this matter.

Plaintiffs' local counsel suggests that Jefferson's delay be forgiven because the Complaint [1] was filed on a Saturday.  *See* [17] at 14.  The Local Rules, though, are not rendered meaningless for pleadings filed on Saturdays.[5]  It is, therefore, undisputed that Jefferson appeared in this matter without having first secured *pro hac* admission.  Accordingly, Dobbins maintains that Jefferson's premature signature warrants her disqualification in this matter.

In support, Dobbins cites *Reech v. Sullivan*, 2018 WL 1698303, at *1 (S.D. Miss. Apr. 5, 2018).  In *Reech*, a nonresident attorney faced disqualification after signing the complaint before being admitted *pro hac*.  The court did not disqualify the nonresident attorney for just signing the complaint, however.  That nonresident attorney also signed and issued several other documents for litigation purposes that included only the signature and contact information of the nonresident attorney.  *Reech*, 2018 WL 1698303, at *2.  The court reasoned that the additional unauthorized acts by the nonresident attorney warranted disqualification.  *Id*.

---

[4] Plaintiffs' local counsel stated that it was he who "signed" the Complaint [1].  Yet, Jefferson's penned signature appears on the Complaint [1].  *See* [1] at 111.

[5] The Court is perplexed by the fact that local counsel, who has previously appeared in this Court in other cases, ignored the Local Rules of which he is familiar.  Local counsel additionally argues that if Jefferson "violated the rule against the unauthorized practice of law by having 'pending' next to her name on a complaint, then nearly all [*pro hac*] applicants violate the rule every day." [17] at 14.  This argument falls flat.  Just recently, this Court addressed its displeasure regarding documents submitted by Plaintiffs' local counsel that are plagued with premature signatures among non-resident attorneys.  *See Williams v. Bienville Orthopaedic Specialists, LLC*, Case No.: 1:23-cv-232-LG-MTP, Order [25].

Dobbins's reliance on *Reech* is inapt as Jefferson's actions are in stark contrast to those on display in *Reech*. The facts in this case are instead more analogous to those at issue in *Clayton v. City of Oxford*, 2021 WL 4699182, at *1 (N.D. Miss. Oct. 7, 2021).

In *Clayton*, a nonresident attorney was not disqualified even though the attorney's name was listed on the complaint with the misrepresentation that a *pro hac* application was pending.[6] 2021 4699182, at *1. Before receiving *pro hac* admission, the nonresident attorney also participated in a press conference after the lawsuit was filed and claimed that he represented the plaintiffs. *Id*. The court, relying on *In re Williamson*, determined that the nonresident attorney's participation in the press conference did not constitute an additional appearance. *Id*. at 3. Local counsel then filed the nonresident attorney's *pro hac* application before he made any other "appearances" or filings, and the nonresident attorney was not disqualified. *Id*.

The same is true here. Jefferson made an unauthorized appearance when she signed the Complaint [1] before being admitted *pro hac*, but the record reveals that she has made no other filings in this matter. Like *Clayton*, Plaintiffs' local counsel submitted Jefferson's Motion to Appear *Pro Hac Vice* [6]. Therefore, Jefferson's hasty appearance, in isolation, does not warrant disqualification.[7]

---

[6] A nonresident attorney's name that is listed on a pleading constitutes an unauthorized appearance under Mississippi law. *See In re Williamson*, 838 So. 2d at 235.

[7] It is worth noting that the language to L.U. Civ. R. 83.1(d)(7)(E) has changed since *Reech* was decided. In *Reech*, the citation to L.U. Civ. R. 83.1(d)(7)(E) establishes that *pro hac* admission "*should be denied* [if] the applicant ha[s], before the application, filed or appeared in federal court without having secured approval under these rules." The current version of the Local Rule states that *pro hac* admission "*should be ordinarily granted unless* … the applicant had, before the application, filed or appeared in the federal court without having secured approval under these facts." That change arguably highlights the Court's discretion in such matters.

***Jefferson's Public Statements***

Dobbins also urges the Court to consider Jefferson's public statements regarding this lawsuit (and others similarly situated) disseminated on X and other media outlets as a basis for disqualification. The standard for denying *pro hac* admission does not rely upon public statements made prior to one's admission, however. The standard instead considers whether the applicant had "filed or appeared" in the federal court prior to securing *pro hac* admission. *See* L.U. Civ. R. 83.1(d)(7)(E). To merit disqualification under caselaw and the Local Rules, Jefferson's public statements must therefore constitute further appearances in this matter.

Turning to the public interview, the Court is not persuaded that Jefferson's YouTube interview constitutes an additional appearance in this matter. In accord with *In re Williamson*, Jefferson's public interview on the matter is more akin to the press conference in *Clayton* and should not be considered as a further appearance. Dobbins has presented no authority to suggest the interview constitutes an appearance in a court proceeding.[8]

Likewise, Dobbins has not offered any support suggesting that Jefferson's public statements disseminated on X constitute further appearances in this matter. To the best of the Court's knowledge, there is no such basis among controlling caselaw. Accordingly, Jefferson's public statements concerning this case and others do not constitute further appearances in this matter, and disqualification is not warranted on the current record.

Notwithstanding, this opinion does not reflect the Court's position as to the propriety of Jefferson's public statements regarding this case and others. Plaintiffs' local counsel defends Jefferson's public statements and claims that every statement cited by Dobbins was "already in

---

[8] *See supra* n.2, at 3.

the public record and thereby exempt from/covered under Rule 3.6's safe harbor[.]" [17] at 1. That argument strains credulity as several of Jefferson's public statements found "in the public record" regarding this case and others have been found to run afoul of the safe harbor provision in Rule 3.6.[9]

Jefferson, seeking *pro hac* admission, is reminded that nonresident attorneys practicing before this Court are required to be familiar with, and follow, the "ethics, principles, practices, customs and usages of the legal profession in the State of Mississippi, including but not limited to the Mississippi Rules of Professional Conduct … as well as the procedures of this court." L.U. Civ. R. 83.1(d)(4)(I).  Additionally, "[a]n attorney who makes an appearance in any case in the district court is bound by the provisions of the Mississippi Rules of Professional Conduct and is subject to discipline for violating them." L.U. Civ. R. 83.5.

The Court, therefore, expects compliance of its Local Rules and the Mississippi Rules of Professional Conduct, specifically Rule 3.6, which states in relevant part:

> (a) A lawyer shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding.
>
> (c) Notwithstanding paragraph (a) …, a lawyer involved in the investigation or litigation of a matter may state ***without elaboration***:
>
>> (1) the general nature of the claim or defense;
>> (2) the information contained in a public record;
>> (3) that an investigation of the matter is in progress, including the general scope of the investigation, the offense or claim or defense involved and, except when prohibited by law, the identity of the persons involved;
>> (4) the scheduling or result of any step in litigation;
>> (5) a request for assistance in obtaining evidence and information necessary thereto;

---

[9] *See Harris, et al. v. Dobbins, et al.*, Civil No. 3:22-cv-479-TSL-MTP, Court's Order [197]; *Reeves, et al. v. Dobbins, et al.*, Civil No. 3:23-cv-333-TSL-MTP, Court's Order [239].

>   (6) a warning of danger concerning the behavior of a person involved, when there is reason to believe that there exists the likelihood of substantial harm to an individual or to the public interest[.]

Miss. R. Prof'l Conduct 3.6 (emphasis added).

Attorneys, both resident and nonresident, are thus required to adhere to the parameters set forth in Rule 3.6, **without elaboration**.  Further contravention of the Rules of Professional Conduct and the Court's Local Rules may lead to disqualification or other sanctions.

For these reasons, Defendant Sam Dobbins's Motion to Disqualify Counsel [4] will be denied, and the Motion for Jill Collen Jefferson to Appear *Pro Hac Vice* [6] will be granted.

IT IS, THEREFORE, ORDERED that:

1. Defendant Sam Dobbins's Motion to Disqualify Counsel [4] is DENIED;

2. The Motion for Jill Collen Jefferson to Appear *Pro Hac Vice* [6] is GRANTED; and

3. Jill Collen Jefferson is hereby admitted *pro hac* upon completion of the registration procedures found on the Court's website and at the following link: https://www.mssd.uscourts.gov/attorney-admissions-page.

SO ORDERED, this the 16th day of April, 2024.

s/Michael T. Parker
United States Magistrate Judge
