IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEROY SECHEREST, ET AL                                    PLAINTIFFS

V.                                               CAUSE NO. 3:24-CV-34-TSL-MTP

CITY OF LEXINGTON, ET AL                                   DEFENDANTS

### DEFENDANT CORDARIOUS EPPS' MOTION FOR SUMMARY JUDGMENT

COMES NOW Cordarious Epps ("Epps"), one of the defendants herein, by and through counsel, and respectfully files his Motion for Summary Judgment. In support of this Motion, this Defendant would show as follows:

1. Seventeen plaintiffs improperly joined in and filed this single federal lawsuit alleging a variety of Section 1983 claims against the City of Lexington and several individuals, including Epps. Epps is a former police officer for the Lexington Police Department, and the claims against him should be dismissed because they are disproven by video evidence, Officer Epps is entitled to qualified immunity, or they are barred by *Heck v. Humphrey* because plaintiffs were convicted in Municipal Court. The claims include false arrest under the Fourth Amendment, retaliatory arrest under the First Amendment, excessive force under the Fourth and Fourteenth Amendments, and equal protection under the Fourteenth Amendment. This Court previously dismissed all equal protection claims against co-defendant, Aaron Agee, and upon information and belief, dismissed all plaintiffs' equal protection claims against all defendants. [Dox. 122 at pp. 5, 39].

2. Only eight plaintiffs have asserted claims against Cordarious Epps, including the following: James Bankhead, Jr., Leontay Ellington, Frederick Johnson, Damion Levy, Leon Lewis, Dornell Malone, Leroy Secherest, and Marcus Young. See Stipulation of Dismissal

Without Prejudice as to claims of other nine plaintiffs. [Doc. 79]. Epps is not seeking dismissal of Leontay Ellington's excessive force claim related to the November 4, 2022, arrest, Frederick Johnson's excessive force claim related to his October 6, 2022, arrest, or Damion Levy's excessive force claim related to an April 2022, arrest at this time, but he reserves the right to seek dismissal as evidence is developed.

3. Cordarius Epps is entitled to qualified immunity because his actions were objectively reasonable as established by video evidence and judgments of conviction recorded in the Municipal Court Docket and Minute Record. Epps is also entitled to summary judgment on other grounds.

4. James Bankhead waived his free speech claim in his Response [Doc. 97], and he was convicted, which establishes probable cause for the arrest and triggered the *Heck* bar, both of which defeat his claim as a matter of law. This Court already dismissed this same claim against Agee.

5. Frederick Johnson's false arrest claim should be dismissed because video demonstrates probable cause existed for his arrest.

6. Damion Levy's free speech claim should be dismissed because he was not charged with public profanity. His free speech and false arrest claims should also be dismissed because there was probable cause for resisting arrest and disorderly conduct, and his convictions on these charges mean all of his claims are barred by *Heck*.

7. Leon Lewis' excessive force claims are completely belied by video of the interaction. No force was used, and there was no injury. This Court already dismissed this same claim against Agee.

8. Dornell Malone's false arrest claim should be dismissed because he was convicted of charges for which he was arrested. Thus, there was probable cause for the arrest, and his claim is barred by *Heck*.

9. Leroy Secherest's excessive force claim should be dismissed because Epps allegedly placing his hand on his taser or even threatening with a taser is not a constitutional violation. His false arrest and retaliatory violation of free speech claims against Epps should be dismissed because video shows Epps did not arrest Secherest or search his vehicle and because video establishes probable cause existed for his arrest.

10. Marcus Young's Fourteenth Amendment excessive force claim should be dismissed because the Fourteenth Amendment does not apply prior to booking and he has not asserted an excessive force claim under the Fourth Amendment. His false arrest claims should be dismissed, because he has not alleged he was arrested by Epps and he pled guilty to the charges for which Epps did arrest him. Thus, probable cause existed for the arrest, and *Heck* bars his false arrest claim.

11. Plaintiffs' equal protection claims against Epps should be dismissed because they do not allege and there is no evidence that Epps exhibited discriminatory animus toward any plaintiff. This Court already dismissed plaintiffs' equal protection claims in its ruling on Agee's Motion for Summary Judgement.

12. In support of his Motion for Summary Judgment, Epps joins in Aaron Agee's Motion for Summary Judgment [Doc. 85], Memorandum Brief [86] and Reply [Doc. 109], and relies upon Epps' Memorandum Brief in Support of Motion for Summary Judgment, this Court's Memorandum Opinion and Order [Doc. 122], and the following exhibits:

Exhibit 1    Municipal Court Docket and Minute Record Bankhead;

Exhibit 2   Municipal Court Docket and Minute Record Johnson;

Exhibit 3   Epps body cam video Johnson;

Exhibit 4   Municipal Court Docket and Minute Record Levy;

Exhibit 5   Epps body cam video Leon Lewis;

Exhibit 6   Simpson body cam video Leon Lewis;

Exhibit 7   Municipal Court Docket and Minute Record Dornell Malone;

Exhibit 8   Dornell Malone criminal case file documents;

Exhibit 9   Arrest report of L. Secherest;

Exhibit 10  Henderson body cam video Secherest;

Exhibit 11  Municipal Court Docket information Secherest;

Exhibit 12  Epps body cam video Young;

Exhibit 13  Jackson body cam video Young; and

Exhibit 14  Municipal Court Docket and Minute Record Young.

DATED: March 21, 2025.

Respectfully submitted,

**CORDARIOUS EPPS**

BY: *s/Shea S. Scott*
    OF COUNSEL

Wilton V. Byars III, MSB #9335
wbyars@danielcoker.com
Shea S. Scott, MSB #100775
sscott@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 North Lamar Boulevard, Suite R
Post Office Box 1396
Oxford, Mississippi 38655-1396
Telephone: (662) 232-8979
Facsimile: (662) 232-8940

{D2402268.1}                Page **4** of **4**