IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEROY SECHEREST, ET AL                                                      PLAINTIFFS

V.                                                         CAUSE NO. 3:24-CV-34-TSL-MTP

CITY OF LEXINGTON, ET AL                                                    DEFENDANTS

### DEFENDANT CORDARIUS EPPS' RESPONSE IN OPPOSITION TO PLAINTIFFS' RULE 41(a)(2) MOTION TO DISMISS WITHOUT PREJUDICE PLAINTIFFS' EQUAL PROTECTION CLAIMS AGAINST DEFENDANT CORDARIUS EPPS

COMES NOW Cordarius Epps ("Epps"), one of the defendants herein, by and through counsel, and files his Response in Opposition to Plaintiffs' Rule 41(a)(2) Motion to Dismiss Without Prejudice Plaintiffs' Equal Protection Claims against Defendant Cordarius Epps [Doc. 135], and in support thereof would show unto the Court as follows:

1.  Plaintiffs cannot voluntarily dismiss their equal protection claims because plaintiffs have already suffered an adverse legal decision regarding their equal protection claims before moving for voluntary dismissal. There are no equal protection claims remaining to be dismissed. This Court has already dismissed the equal protection claims of all plaintiffs against all defendants. [Doc. 122 at p. 5]. This Court ordered, "Secherest's equal protection claim, as well as the equal protection claims of all plaintiffs against all defendants, will be dismissed."

2.  The Court's order dismissing the equal protection claims of all plaintiffs against all defendants was an adjudication on the merits. Rule 41(b) states that an involuntary dismissal under Rule 41(b) or any dismissal not under Rule 41 "operates as an adjudication on the merits" unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The dismissal of plaintiffs' equal protection claims was pursuant to Rule 56 and Agee's motion for summary judgment. This Court's Memorandum Opinion and Order dismissing all plaintiffs' equal protection claims did

not state that it was a dismissal without prejudice or that it was a dismissal that was not an adjudication on the merits. Thus, it was an adjudication on the merits and with prejudice.

3. Epps filed a motion for summary judgment asking this Court to confirm plaintiffs' equal protection claims were dismissed but also further asserting other substantive reasons why plaintiffs' equal protection claims against him should be dismissed as a matter of law. [Doc. 124]. After showing the absence of a genuine issue of material fact as to the equal protection claims, the burden shifted to plaintiffs to come forward with specific facts showing that a genuine issue for trial does exist. Plaintiffs did not come forward with any evidence or even attempt to show a genuine issue of material fact for trial. Plaintiffs did not challenge or oppose Epps' motion for summary judgment as to their equal protection claims. [Doc. 131]. The time for plaintiffs to do so has passed, and they filed their motion to dismiss in an effort to avoid the expected adverse ruling.

4. Allowing plaintiffs to unconditionally dismiss their claims without prejudice would cause legal prejudice to Epps. Epps and other defendants have exerted significant time, effort, and expense. Epps' motion for summary judgment was pending when plaintiffs' filed their motion in an attempt to avoid an imminent adverse ruling. Plaintiffs also filed their motion after multiple previous adverse trial court rulings dismissing claims. Plaintiffs seek to dismiss their claims almost 15 months after fling their Complaint, after 140 pleadings have been filed in this case, after 38 motions have been filed, after at least two prior adverse rulings in comprehensive memorandum opinions and orders, and after Epps filed a motion for summary judgment on the same claims. Because unconditional dismissal of plaintiffs' equal protection claims would cause legal prejudice to Epps, this Court should deny plaintiffs' motion.

5. Rule 41(a) speaks to dismissal of "an action" – the entire action against a defendant, and not only some or particular claims the plaintiffs have against a defendant. Therefore, the relief plaintiffs seek in their Rule 41(a)(2) motion is not permitted under that rule.

6. In support of his Response in Opposition, Epps relies upon his Memorandum in Support of His Response in Opposition to Plaintiffs' Rule 41(a)(2) Motion to Dismiss Without Prejudice Plaintiffs' Equal Protection Claims Against Defendant Cordarius Epps.

Wherefore, premises considered, Cordarius Epps respectfully requests that this Court deny Plaintiffs' Rule 41(a)(2) Motion to Dismiss Without Prejudice Plaintiffs' Equal Protection Claims against Defendant Cordarius Epps [Doc. 135], or in the alternative condition that the dismissal is with prejudice.

DATED: May 8, 2025.

Respectfully submitted,

**CORDARIUS EPPS**

BY: *s/Shea S. Scott*
     OF COUNSEL

Wilton V. Byars III, MSB #9335
wbyars@danielcoker.com
Shea S. Scott, MSB #100775
sscott@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 North Lamar Boulevard, Suite R
Post Office Box 1396
Oxford, Mississippi 38655-1396
Telephone: (662) 232-8979
Facsimile: (662) 232-8940