IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEROY SECHEREST, ET AL                                                      PLAINTIFFS

V.                                       CAUSE NO. 3:24-CV-34-TSL-MTP

CITY OF LEXINGTON, ET AL                                     DEFENDANTS

**DEFENDANT CORDARIUS EPPS' MEMORANDUM IN
SUPPORT OF HIS RESPONSE IN OPPOSITION TO PLAINTIFFS'
RULE 41(a)(2)MOTION TO DISMISS WITHOUT PREJUDICE PLAINTIFFS'
EQUAL PROTECTION CLAIMS AGAINST DEFENDANT CORDARIUS EPPS**

### I.     Introduction

Plaintiffs do not have any equal protection claims remaining that can be voluntarily dismissed. This Court has already dismissed the equal protection claims of all Plaintiffs against all Defendants. [Doc. 122 at p. 5]. This Court ordered, "Secherest's equal protection claim, as well as **the equal protection claims of all plaintiffs against all defendants, will be dismissed**." [Doc. 122 at p. 5] (emphasis added). After their claims have already been dismissed, Plaintiffs now belatedly ask this Court to allow them to voluntarily dismiss those same claims without prejudice in an attempt to make an end-run around this Court's prior memorandum opinion and order. This Court should deny Plaintiffs' motion for voluntary dismissal because their equal protection claims have already been dismissed, allowing a voluntary dismissal without prejudice at this stage would be unfair and cause legal prejudice, and Fed. R. Civ. P. 41(a) does not permit a voluntary dismissal of only some claims rather than the entire action against a defendant. Moreover, plaintiffs' prior equal protection claims were not viable as a matter of law.

## II. Analysis

### A. Plaintiffs' equal protection claims have already been dismissed.

Aaron Agee filed a motion for summary judgment and supporting memorandum brief in which he argued plaintiffs did not allege Agee treated any plaintiff differently than similarly situated individuals. [Doc. 86 at p. 21]. Rather, Agee argued, plaintiffs did not distinguish between the actions of any named defendants, and instead made "broad allegations about what the "LPD" did but [said] nothing about what Investigator Agee, individually, did." [Doc. 86 at p. 22]. Agee further argued that no plaintiff identified a single white person who was not arrested under the same or similar circumstances as that individual plaintiff. [Doc. 86 at p. 23]. Plaintiffs did not oppose Agee's motion for summary judgment as to their equal protection claims and attempted to withdraw their equal protection claims while asking that it be without prejudice "akin to a Rule 41(a) voluntary dismissal." [Doc. 97 at p. 47]. Agee opposed plaintiffs' attempt to withdraw their equal protection claims and noted that a Rule 41(a) voluntary dismissal was not available after an opposing party has served a motion for summary judgment unless all parties signed a stipulation of dismissal. [Doc. 109 at p. 26]; Fed. R. Civ. P. 41(a)(1)(A). In response to these arguments, among others, this Court granted Agee's motion for summary judgment as to the equal protection claims and dismissed "the equal protection claims of all plaintiffs against all defendants." [Doc. 122 at p. 5]. Thus, plaintiffs' equal protection claims have already been dismissed.

As Agee noted, a voluntary dismissal under Rule 41(a)(1) was not available. Plaintiffs had not filed a Rule 41 motion for voluntary dismissal or Rule 15 motion for leave to amend their complaint to withdraw their equal protection claims. The dismissal of plaintiffs' equal protection claims was only before the Court pursuant to Agee's Rule 56 motion for summary judgment. Any dismissal not under Rule 41 "operates as an adjudication on the merits" unless the dismissal order

states otherwise. Fed. R. Civ. P. 41(b). This Court's Memorandum Opinion and Order regarding Agee's Rule 56 Motion for Summary Judgment dismissing all plaintiffs' equal protection claims did not state that it was a dismissal without prejudice or that it was a dismissal that was not an adjudication on the merits. Thus, this Court's order dismissing the equal protection claims of all plaintiffs against all defendants was an adjudication on the merits and with prejudice.

**B. Epps moved for summary judgment as to all plaintiffs' equal protection claims against him, and plaintiffs did not oppose his motion.**

In his motion for summary judgment and supporting memorandum brief, Epps asked this Court to confirm that it has already dismissed all plaintiffs' equal protection claims against all defendants, including Epps, but he further asserted other substantive reasons why the equal protection claims should be dismissed against Epps. Most notably, there is no specific evidence of discriminatory animus on the part of Officer Epps. Like Agee, there are broad allegations about what the "LPD" did but nothing about what Epps, individually, did that was discriminatory.

After showing the absence of a genuine issue of material fact as to the equal protection claims, the burden shifted to plaintiffs to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Plaintiffs did not come forward with any evidence or even attempt to show a genuine issue of material fact for trial. Plaintiffs did not challenge or oppose Epps' motion for summary judgment as to their equal protection claims at all. [Doc. 131]. Plaintiffs' time to do so has long since passed. L.U.Civ.R. 7(b)(4). Plaintiffs' untimely motion to dismiss their own equal protection claims was improperly filed to avoid an imminent adverse ruling, and this Court should deny their motion.

### C. Plaintiffs waited too long to ask for a voluntary dismissal, and Epps will suffer legal prejudice if plaintiffs are allowed to withdraw their equal protection claims without prejudice.

When "faced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer legal prejudice." *Elbaor v. Tripath Imaging, Inc*., 279 F.3d 314, 317 (5th Cir. 2002). When the non-movant will suffer legal prejudice, the district court can deny the motion or draft conditions that will cure the prejudice. *Id*. at 317-18. Examples previously recognized as legal prejudice include when a plaintiff does not seek dismissal until after the defendant has exerted significant time and effort or when a plaintiff moves to dismiss in an effort to avoid an imminent adverse ruling. *Davis v. Huskipower Outdoor Equip. Corp*., 936 F.2d 193, 199 (5th Cir. 1991); *In re FEMA Trailer Formaldahyde Prods. Liab. Litig*., 628 F.3d 157, 162-63 (5th Cir. 2010).

In *Davis v. Huskipower Outdoor Equip. Corp*., the Fifth Circuit affirmed the district court's denial of a motion for voluntary dismissal because the motion was filed more than a year after the case was removed to federal court, the motion was filed after months of filing pleadings, attending conferences, and submitting memoranda, and the motion was filed after the magistrate had considered the case and issued a recommendation adverse to their position. *Davis v. Huskipower Outdoor Equip. Corp*., 936 F.2d 193, 199 (5th Cir. 1991). In this case, Plaintiffs filed their motion more than 15 months after filing their original Complaint. [Doc. 2]. Plaintiffs have already amended their Complaint. [Doc. 60]. They filed their motion to dismiss after months of filing pleadings and submitting memoranda. This Court's docket identifies 140 separate pleadings and numerous other text only docket entries. Moreover, this Court has already considered and issued comprehensive memorandum opinions and orders on multiple dispositive motions, including one dismissing the same equal protection claims plaintiffs now seek to voluntarily dismiss so they can

get around this Court's order and re-file them. Because plaintiffs only sought dismissal of their equal protection claims after defendants have exerted significant time and effort and after this Court has issued an adverse ruling, their motion for voluntary dismissal should be denied.

Denial of a motion to dismiss is appropriate "when a plaintiff seeks to circumvent an expected adverse result." *Oxford v. Williams Cos.*, 154 F.Supp.2d 942, 951 (E.D. Tex. 2001) (citing *Radiant Technology Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988)). In Oxford, plaintiffs sought to voluntarily dismiss their claims without prejudice after class certification was denied. *Oxford*, 154 F.Supp.2d at 952. At that time, defendants already had a motion for summary judgment pending. *Id*. The court noted that the case was still in the pretrial stage, but emphasized that it had been pending 21 months and defendants had exerted significant effort as evidenced by the summary judgment motion and materials supporting the motion. *Id*. While formal discovery had not progressed, the court recognized that defendants had "shouldered a significant burden in uncovering the facts underlying the plaintiffs' claims." *Id*. at 953. Even though additional preparations and discovery would be needed before trial, the court recognized defendants had already "spent significant time, money [and] effort in preparing their case" and allowing plaintiffs to dismiss their case without prejudice would prejudice the defendants in light of their dispositive motion. *Id*. at 952. The court added that there had been 14 motions of some type filed, ranging from simple motions for extension of time to more complex motions to remand and for summary judgment, that all generated multiple memoranda representing "a large investment of research and cost." *Id*. The court also considered prior adverse rulings against plaintiffs, including denial of a motion to remand and dismissal of two defendants fraudulently joined. *Id*. Additionally, the court found merit in defendants' pending motion for summary judgment. *Id*. at 953. Based on these considerations, the court denied plaintiffs' Rule 41(a)(2)

motion[1] and held defendants were entitled to have their summary judgment motion determined first. *Id*.

Plaintiffs filed their motion to dismiss after Epps filed his motion for summary judgment and after plaintiffs failed to come forward with any evidence of a genuine issue of material fact regarding their equal protection claims. An adverse ruling was imminent at the time they requested to dismiss their claims without prejudice.

Plaintiffs filed their Complaint on January 20, 2024 – almost 15 months ago. This Court has already granted one judgment on the pleadings and granted another summary judgment and judgment on the pleadings in part. [Doc. 125 and Doc. 122]. Epps' motion for summary judgment [Docs. 123 and 124] is pending and has been fully briefed, including a 71-page response by plaintiffs. [Doc. 131]. There can be no doubt that defendants, including Epps, have exerted significant time, money, and effort in preparing this case, including dispositive motions as evidenced by the extent of the briefing, the numerous documents produced in support, numerous criminal case files and court records reviewed and produced in support, and hours of video reviewed and produced in support. While formal discovery has been stayed, defendants have shouldered a significant burden in uncovering the facts underlying the plaintiffs' multiple claims, including obtaining and reviewing criminal case files from multiple arrests, searching court records for multiple charges against multiple plaintiffs, reviewing and analyzing hours of bodycam video, interviewing witnesses, reviewing and analyzing details in a 111-page Complaint, and other investigation of facts. In *Oxford*, 14 motions of some type had been filed. In this case, 38 motions ranging from simple to complex have been filed. Most of those generated responses and replies

---

[1] The court also noted that if it had allowed plaintiffs to dismiss their claims, it would have imposed conditions on the dismissal, including requiring plaintiffs to pay defendants' attorneys' fees and costs. *Oxford*, 154 F.Supp.2d at 954.

{D2421576.1}                                              6

along with multiple memoranda, which represents a large investment of research and cost. This Court has previously made multiple adverse rulings against plaintiffs, including granting McCrory's judgment on the pleadings and Agee's motion for summary judgment in part. Moreover, Epps' motion for summary judgment has been fully briefed, is pending before this Court, and has merit. In fact, plaintiffs did not even oppose Epps' argument regarding the equal protection claims or summary judgment as to Lewis' or Bankhead's claims. A voluntary dismissal without prejudice would also cause legal prejudice to Epps, because it would allow plaintiffs to re-file the same claims and would require Epps to re-litigate issues already decided in this case.

Under the balance of this analysis, an unconditional dismissal without prejudice will cause legal prejudice to Epps who is entitled to summary judgment and to all defendants, including Epps, who have exerted significant effort and expense. This Court should deny plaintiffs' request to voluntarily dismiss their equal protection claims without prejudice, and instead condition[2] that the dismissal is with prejudice or grant Epps' summary judgment as to the equal protection claims.

**D. Fed. R. Civ. P. 41(a) does not permit a voluntary dismissal of some claims against a defendant, but instead only permits voluntary dismissal of all claims against a defendant.**

Plaintiffs' attempt to voluntarily dismiss their equal protection claims pursuant to Fed. R. Civ. P. 41(a) also fails for another reason: Rule 41(a) does not permit what plaintiffs are attempting to do. Rule 41(a) speaks to dismissal of "an action" – the entire action against a defendant, and not only some claims the plaintiff has against a defendant. Fed. R. Civ. P. 41(a); *CBX Res. L.L.C. v. ACE Am. Ins. Co.*, 959 F.3d 175, 177 (5th Cir. 2020) (citing *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 n.2 (5th Cir. 1978)). "Rule 41(a) dismissal only applies to the dismissal of an entire action – not particular claims." *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir.

---

[2] Any dismissal without prejudice should be conditioned upon plaintiffs paying defendants' attorneys' fees and costs. Fed. R. Civ. P. 41(a)(2); *Oxford*, 154 F.Supp. 2d at 954.

2010). The Fifth Circuit has interpreted "action" to cover individual defendants, so plaintiffs can dismiss all claims against an individual defendant when there are multiple defendants, but the dismissal must dismiss all claims against that defendant. *Williams v. Taylor Seidenbach, Inc.*, 958 F.3d 341, 344-45 (5th Cir. 2020).

### III.    Conclusion

Plaintiffs' attempt to dismiss their own equal protection claims is too late. It is too late because those claims have already been dismissed. It is too late because Epps has already filed a summary judgment motion and plaintiffs failed to meet their burden to show the existence of a genuine issue of material fact within the time allowed by the applicable rules. Plaintiffs' attempt is too late because the case has been pending almost 15 months with 140 pleadings, almost 40 motions, and multiple prior adverse rulings, and Epps (and other defendants) has exerted significant time, effort, and expense. It is too late because the timing makes it clear the motion is an attempt to avoid an imminent adverse ruling. Dismissal without prejudice will cause legal prejudice to Epps and other defendants. Finally, Rule 41(a) only allows a voluntary dismissal of "an action" against a defendant rather than dismissal of a single or some claims against a defendant. This Court should deny plaintiffs' untimely motion to dismiss their equal protection claims without prejudice, and instead condition any dismissal is with prejudice or grant Epps' motion for summary judgment as to the equal protection claims.

DATED:  May 8, 2025.

Respectfully submitted,

**CORDARIUS EPPS**

BY:  *s/Shea S. Scott*
     OF COUNSEL

Wilton V. Byars III, MSB #9335
wbyars@danielcoker.com
Shea S. Scott, MSB #100775
sscott@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 North Lamar Boulevard, Suite R
Post Office Box 1396
Oxford, Mississippi 38655-1396
Telephone: (662) 232-8979
Facsimile: (662) 232-8940