```
              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION


LEROY SECHEREST, DAMION LEVY,
TYQWON WALDEN, MARCUS YOUNG,
ARKICA STEWART, COMECHIA RANDLE,
MINNIE STEWART, QUARNEESHIA WALDEN,
DORNELL MALONE, JOHN ADAMS, DWAYNE
STEWART, YOLANDA WALLACE, CRYSTAL
WALLACE, LEON LEWIS, FREDERICK
JOHNSON, LEONTAY ELLINGTON AND
JAMES BANKHEAD, JR.                              PLAINTIFFS

VS.                       CIVIL ACTION NO. 3:24-CV-34-TSL-MTP

CITY OF LEXINGTON, ROBIN MCRORY,
CHARLES HENDERSON, AARON AGEE,
SAM DOBBINS, CORDARIUS EPPS,
CHRIS BURRELL, JUSTIN NEWELL,
LARON SIMPSON AND SCOTT WALTERS                  DEFENDANTS
```

ORDER

This cause is before the court on the motion of plaintiffs to dismiss without prejudice their equal protection claim against defendant Epps. For the reasons that follow, the motion will be denied; that part of the court's order at Dkt. 122 purporting to grant plaintiffs' request to withdraw their equal protection claims against defendant Aaron Agee without prejudice but going further and dismissing such claims against all defendants without prejudice will be vacated; and plaintiffs' putative equal protection claims against Agee and Epps will be dismissed with prejudice.

1

Defendant Aaron Agee previously filed a motion for judgment on the pleadings under Rule 12(c), seeking dismissal of some or all of the various plaintiffs' claims against him. He specifically sought dismissal of the equal protection claims of each plaintiff who had asserted such a claim against him, arguing that none of them had made any factual allegations that arguably supported an equal protection cause of action against him. Plaintiffs responded, stating that they were withdrawing without prejudice, or "akin to a Rule 41(a) voluntary dismissal," their equal protection claims against Agee, and further stating, "If discovery reveals evidence of discriminatory animus on the part of Defendant Agee himself— Plaintiffs will seek leave to amend to re-introduce their equal protection claim." Agee opposed plaintiffs' request for withdrawal *without prejudice*, pointing out, correctly, that a Rule 41(a)(1) dismissal is only available either "before the opposing party serves either an answer or a motion for summary judgment" or through a "stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1).

In its memorandum opinion and order on Agee's motion, entered March 18, 2025, the court erroneously purported to both grant Agee's motion for judgment on the pleading on plaintiffs' equal protection claims against Agee and to dismiss plaintiffs' equal protection claims against all defendants based on

2

plaintiffs' announcement that they were withdrawing their equal protection claims. [Dkt. 122].

Subsequently, defendant Cordarius Epps filed a motion for summary judgment. Therein, in addition to noting the court's previous purported dismissal of plaintiffs' equal protection claims against all defendants, he argued that "there are no specific allegations in the Amended Complaint alleging discriminatory animus on the part of Officer Epps, and Plaintiffs' equal protection claims against Epps should be dismissed." In their response to Epps' motion, plaintiffs did not mention an equal protection claim. Instead, a week or so after filing their response, they filed the present motion, pursuant to Rule 41(a)(2), to dismiss their equal protection claim against Epps without prejudice.

Plaintiffs' request and/or motion to withdraw and/or dismiss under Rule 41(a), whether under Rule 41(a)(1) or (2), is not well taken. Rule 41(a)(1) and (2) provide means by which to voluntarily dismiss "a case," not merely a claim or claims in a case. See Bailey v. Shell Western E&P, Inc., 609 F.3d 710, 720 (5th Cir 2010) ("Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims." (citing Exxon Corp. v. Md. Cas. Co., 599 F.2d 659, 662 (5th Cir. 1979) ("[W]hen Rule 41(a) refers to Dismissal of an 'action', there is no reason to suppose that the term is intended to include the

3

separate claims which make up an action.  When Dismissal of a claim is intended, as in Rule 41(b), that concept is spelled out in plain language.")).  See also Plains Growers, Inc. By and Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 254 (5th Cir. 1973) ("The purpose of [Rule 41(a)] is to permit the plaintiff voluntarily to take the case out of court if no other party will be prejudiced.").

Regarding Aaron Agee, it is clear – and plaintiffs do not deny – that no plaintiff has stated a viable claim against Agee for violation of his or her equal protection rights.  Thus, Agee's motion for judgment on the pleadings was due to be granted *on the merits*.  And, as Agee asserted the defense of qualified immunity as a basis for his motion, plaintiffs clearly were not entitled to conduct discovery on his equal protection claim (or any claim, for that matter) prior to a ruling on the merits.  See Carswell v. Camp, 54 F.4th 307, 311 (5th Cir. 2022) ("The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without *any* discovery.").  Along these lines, to the extent that plaintiffs have contended that dismissal of their equal protection claim(s) should be without prejudice so that they can seek to amend to bring equal protection claims back into the case if they uncover facts in discovery supportive of such claim, the court is unpersuaded.

4

Their equal protection claims against Agee will be dismissed with prejudice.

As for Epps, in response to his summary judgment motion, which also raised a qualified immunity defense, plaintiffs again do not deny that they have not stated any viable equal protection claim or pled facts to overcome qualified immunity as to any such. Instead, they filed the present motion asking for dismissal without prejudice so they can amend to assert equal protection claims against Epps if discovery reveals facts in support of any such claim(s).

If plaintiffs believed they were entitled to discovery to withstand Epps' motion, they could have moved under Rule 56(d) to stay the motion pending the specific discovery needed. They did move to stay the motion as to Larry Secherest pending limited discovery; but the discovery they sought did not relate to any equal protection claims. To now allow plaintiffs to dismiss these claims without prejudice to bringing them back in if they happen across facts in discovery that would support such claims would subvert the process laid out in the rule. Their request for dismissal of these claims without prejudice is denied.

Based on the foregoing, it is ordered that plaintiffs' motion to withdraw/dismiss their equal protection claims without prejudice against Epps is denied. It is further ordered that

the part of the court's order on Agee's Rule 12(c) motion [Dkt. 122] purporting to grant plaintiffs' request withdraw/dismiss without prejudice their equal protection claims against not only defendant Agee but against all defendants is vacated.  Finally, it is ordered that plaintiffs' equal protection claims against Agee and Epps are dismissed with prejudice.

    SO ORDERED this 15th day of July, 2025

                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE